Cases in the Court of· Errors and Appeals, Supreme
Court, Court of Chancery and Prerogative Court,
not included in the official reports,
### also
Cases in the Lower Courts

---

THE NEW JERSEY TEXTILE MACHINERY COMPANY, A
CORPORATION, PLAINTIFF-APPELLEE, v. UNITED
STATES TRUST COMPANY, A CORPORATION, DEFEND-
ANT-APPELLANT.

Decided December 21, 1923.

**Negotiable Instruments—Certified Checks—Stoppage of Payment
Order of Maker Before Payment Is Binding Upon Bank.**

On appeal from the Paterson District Court.

Before Justices KALISCH and KATZENBACH.

For the appellant, *Wayne Dumont.*

For the appellee, *Peter Cohn.*

PER CURIAM.

The agreed state of facts show that the plaintiff below
was a depositor of the defendant bank. It made out a check
payable to Gordon Yarn Company, of the city of New York,
for the sum of $450, and after having had the check certified
by the defendant bank delivered it to the Gordon Yarn Com-

(1)

pany, who endorsed it and deposited it, and it was sent through exchanges to the defendant bank for payment, and was there paid. Prior to the payment of the check by the bank it had been duly notified by the plaintiff, the maker of the check, not to pay the check; but the bank refused to heed the notice.

We think the facts of this case fall within the control of *Times Square Auto Co.* v. *Rutherford National Bank,* 77 *N. J. L.* 649, where it was held that when a check of a depositor is certified at the request of the maker he is not discharged thereby and may stop payment and the bank must give heed to such notice, for in such a circumstance both the drawer of the check and the bank are entitled to set up that the check was procured by fraud. To the same effect is *Watson* v. *Merchants' and Manufacturers' Bank,* 1 *N. J. Adv. Rep.* (No. 5) 104.

The contention on behalf of appellant that the check being negotiated by delivery in New York the transaction is controlled by the law of the State of New York, which prevents the drawer of a certified check from stopping payment after delivery cannot be raised on this appeal.

We are not called upon to consider this contention, because there is nothing in the agreed state of the case which presents the question raised upon this appeal, for the first time, and it nowhere appears on the record what the New York law on the subject is; nor was there any proof on the subject whatever.

Judgment is affirmed, with costs.